UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BROADCAST MUSIC, INC.;
BOCEPHUS MUSIC, INC.;
GIBB BROTHERS MUSIC;
CROMPTON SONGS;
SONY/ATV SONGS LLC d/b/a
SONY/ATV ACUFF ROSE MUSIC;
COBURN MUSIC, INC.;
NETTWERK ONE MUSIC CANADA LTD.
d/b/a NETTWERK ONE B MUSIC US;
TREMONTI STAPP MUSIC;
RESERVOIR MEDIA MANAGEMENT INC.
d/b/a RESERVOIR 416 a/k/a
RESERVOIR ONE AMERICA;
SONGS OF UNIVERSAL, INC.;
ESCATAWPA SONGS;
ZOMBIES ATE MY PUBLISHING;
FORTHEFALLEN PUBLISHING;
CINDERFUL MUSIC;
EIGHT MILE STYLE MUSIC;
SEETHER PUBLISHING; and
EMI BLACKWOOD MUSIC, INC.,



    Plaintiffs,

CIVIL ACTION NO.: 3:16cv198

v.

VL BEAN, LLC d/b/a BENNY'S TAVERN
and BENJAMIN SCOBLE, individually,

    Defendants.

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

28177249



FILED

APR -4 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Gibb Brothers Music is a partnership owned by Estate of Maurice Ernest Gibb and Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as

Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Coburn Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Nettwerk One Music Canada Ltd. is a limited liability company doing business as Nettwerk One B Music US. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Tremonti Stapp Music is a partnership owned by Scott A. Stapp and Mark T. Tremonti. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Reservoir Media Management Inc. is a corporation doing business as Reservoir 416 also known as Reservoir One America. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Zombies Ate My Publishing is a partnership owned by Amy Lee and Ben Moody. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Forthefallen Publishing is a sole proprietorship owned by David Hodges. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Cinderful Music is a sole proprietorship owned by William Patrick Corgan. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Eight Mile Style Music is a sole proprietorship owned by Jeffrey Irwin Bass also known as Jeff Bass. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Seether Publishing is a partnership owned by Shaun Morgan Welgemoed and Dale William Stewart. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Defendant VL Bean, LLC is a limited liability company organized and existing under the laws of the State of Virginia, which operates, maintains and controls an establishment known as Benny's Tavern, located at 3631 Boulevard, Colonial Heights, Virginia 23834-1343, in this district (the "Establishment").

22. In connection with the operation of the Establishment, Defendant VL Bean, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

23. Defendant VL Bean, LLC has a direct financial interest in the Establishment.

24. Defendant Benjamin Scoble is a member of Defendant VL Bean, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

25. Defendant Benjamin Scoble has the right and ability to supervise the activities of Defendant VL Bean, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

26. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 25.

27. Since June 2014, BMI has reached out to Defendants over 90 times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

28. Plaintiffs allege ten (10) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

29. Annexed to this Complaint as **Exhibit A** (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the ten (10) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the

copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

30. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

31. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

32. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

34. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright

28177249

6

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: March 31, 2016

Respectfully submitted,

BROADCAST MUSIC, INC.;
BOCEPHUS MUSIC, INC.;
GIBB BROTHERS MUSIC;
CROMPTON SONGS;
SONY/ATV SONGS LLC d/b/a
SONY/ATV ACUFF ROSE MUSIC;
COBURN MUSIC, INC.;
NETTWERK ONE MUSIC CANADA LTD.
d/b/a NETTWERK ONE B MUSIC US;
TREMONTI STAPP MUSIC;
RESERVOIR MEDIA MANAGEMENT INC.
d/b/a RESERVOIR 416 a/k/a
RESERVOIR ONE AMERICA;
SONGS OF UNIVERSAL, INC.;
ESCATAWPA SONGS;
ZOMBIES ATE MY PUBLISHING;
FORTHEFALLEN PUBLISHING;
CINDERFUL MUSIC;
EIGHT MILE STYLE MUSIC;
SEETHER PUBLISHING; and
EMI BLACKWOOD MUSIC, INC.,

By: /s/ [signature]
John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
*Counsel for Plaintiffs*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: liz.flowers@troutmansanders.com